# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-739V
### Filed: November 7, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| IRMA SALAS, | |
| Petitioner, | Ruling on Entitlement; Concession; |
| v. | Tetanus, Diphtheria, acellular Pertussis ("Tdap") Vaccination; Hepatitis A ("Hep A") Vaccination; Measles, Mumps, |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | and Rubella ("MMR") Vaccination; Shoulder Injury Related to Vaccine Administration ("SIRVA"); |
| Respondent. | Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Ryan Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On June 22, 2016, Irma Salas ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered injuries to her left shoulder after receiving the tetanus, diphtheria, acellular pertussis ("Tdap"), Hepatitis A ("Hep A"), and measles, mumps, and rubella ("MMR") vaccines on October 16, 2013. Petition at 1. Petitioner further alleges that she received the vaccine in the Untied State, that she has suffered the residual effects of her injury for more than six months, and that neither she nor any other party has received compensation for her injury alleged as vaccine caused. *Id.* at ¶¶ 12-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 4, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent has concluded that petitioner's alleged injury is consistent with SIRVA; that a preponderance of evidence establishes that her SIRVA was caused-in-fact by the vaccinations she received in her left arm on October 16, 2013; and that no other causes for petitioner's SIRVA were identified." *Id.* at 4 (citation omitted). Respondent further indicates that "the statutory six month sequela requirement has been satisfied . . . [and] petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* (citation omitted).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master